UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLAVIA DAVID,<br><br>          Plaintiff,<br><br>-against-<br><br>MOUNT SINAI HEALTH SYSTEM, INC.,<br><br>          Defendant. | **COMPLAINT**<br><br>Docket No.: 24-cv-00738<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FLAVIA DAVID ("Plaintiff"), by and through her attorneys, JOSEPH & NORINSBERG, LLC, as and for her Complaint against MOUNT SINAI HEALTH SYSTEM, INC. ("Defendant" or "Mount Sinai"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) the anti-sexual harassment, hostile work environment, anti-discrimination, and anti-retaliation provisions under the New York State Human Rights Law ("NYSHRL"); (iii) the anti-sexual harassment, hostile work environment, anti-discrimination, and anti-retaliation provisions and the New York City Human Rights Law ("NYCHRL"); and (iv) any other violations that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2. Holding itself out as "one of the nation's largest and most respected hospitals, acclaimed internationally for excellence in clinical care," one would expect that Mount Sinai would take its "Hippocratic Oath: First, Do No Harm," seriously and ensure that its employees

1

work environments are free from sexual harassment and retaliation. Unfortunately for Plaintiff, Mount Sinai does not.

3. When Plaintiff accepted employment with Defendant, the last thing Plaintiff expected was that she would be working overnights, alone, with a male supervisor who would sexually harass her. But sexually harass her he did. Indeed, alone with Plaintiff, Alton Sterling ("Sterling") began testing the waters, as all predators do, initially crossing professional boundaries and sharing unsolicited, explicit details about his personal life, which understandably made Plaintiff profoundly uncomfortable. Sterling's harassment quickly became menacing as he escalated his harassment to watching pornography at work, making lewd comments about Plaintiff's appearance, and ultimately physically assaulting her.

4. Trying to stop Sterling's egregious conduct and alleviate her hostile work environment, Plaintiff turned to her direct supervisor Temi Turnbull ("Turnbull") to intervene. However, when Plaintiff complained to Turnbull about Sterling's egregious sexual harassment, Turnbull shockingly responded with skepticism and defensiveness of Sterling. Then, rather than investigate or put a stop to Sterling's behavior, Turnbull immediately terminated Plaintiff's employment in blatant retaliation for Plaintiff engaging in a protected activity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On July 20, 2023, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2023-06496, against Defendant based on gender discrimination in violation of, *inter alia*, Title VII.

6. On November 24, 2023, the EEOC issued Plaintiff a "Notice of Right to Sue." Plaintiff has commenced this action within ninety days of receipt of that notice from the EEOC.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. §2000(e), *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), as Defendant resides within this judicial district, and as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

9. At all relevant times, Plaintiff worked for Defendant in New York and was an "employee" entitled to the protections as defined by Title VII, the NYSHRL, and the NYCHRL.

10. Defendant is a domestic business corporation organized under the laws of New York, with a service of process located at 1 Gustave L. Levy Place, New York, New York 10029.

11. At all relevant times herein, Defendant employs fifteen or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

## BACKGROUND FACTS

***Sterling Subjected Plaintiff to an Oppressive and Sexually Charged Hostile Work Environment.***

12. In or around August of 2022, Plaintiff began her employment as a transcriber with Mount Sinai. Her duties involved transcribing lab reports and entering information in patient files.

13. Defendant assigned Plaintiff to work in the Pathology Department ("Department") on the overnight shift, from 8:00 p.m. until 4:00 a.m., Mondays through Fridays.

14. Temi Turnbull was Plaintiff's direct supervisor but did not work during Plaintiff's shift.

15. Instead, Plaintiff worked with Sterling and Stephanie Capers ("Capers") on her overnight shifts.

16. Thus, Turnbull directed Sterling, who was the most senior employee in the Department on Plaintiff's shift, to "watch over" and supervise Plaintiff's work.

17. Turnbull also made it clear to Plaintiff that she could not be bothered outside of her shift, and directed Plaintiff not to call her during Plaintiff's shift, or on weekends, because those are outside of Turnbull's work hours.

18. Unfortunately for Plaintiff, Capers, did not work the overnight shift on Thursdays or Fridays; therefore, Plaintiff was forced to work alone with Sterling on those two days.

19. Taking advantage of his alone time with Plaintiff, shortly into Plaintiff's tenure, Sterling began to subject Plaintiff to lewd, improper sexual comments and discussions.

20. On September 16, 2022, a Friday, Sterling began a one-way conversation with Plaintiff in which he discussed his sex life with her, going as far as to tell her that he likes to quote classical literature during sexual intercourse.

21. Plaintiff told Sterling to stop the inappropriate conversation.

22. In response, Sterling stopped talking, but perversely began watching pornographic content on his phone in a clear effort to have Plaintiff see what he was watching.

23. Plaintiff was horrified as to what she witnessed but remembered that Turnbull made clear that Plaintiff was not to call her during Plaintiff's work shift or on weekends and left work that night contemplating how she should handle this disturbing situation.

24. On September 23, 2022, a Friday, while alone with Plaintiff, Sterling again began to discuss his sex life with Plaintiff. This time Sterling went into highly inappropriate, vulgar detail with Plaintiff.

25. Sterling described his last sexual partner and told Plaintiff that she "*was not a kisser*" and: "*I like spit in my mouth*" and a "*tongue down my throat*" during sex.

26. Even more shocking, Sterling then told Plaintiff that he likes to "bite lips" during sex and told Plaintiff that he likes "big lips" like hers, implying that he wanted to bite Plaintiff's lips and have sex with her.

27. Plaintiff again objected to Sterling's offensive behavior and told him to "stop" the inappropriate and lewd discussion.

**<u>Sterling's Sexual Harassment Becomes Physical</u>**

28. Later that shift, Sterling took his harassment to the next level when he made it physical, and not just verbal abuse.

29. Feeling extremely uncomfortable sitting next to Sterling after his grotesque comments about his sexual proclivities and not-so-subtle suggestion that he wanted to bite Plaintiff's lips and have sex with her, Plaintiff moved to a computer on the opposite side of the office from Sterling, in an effort to distance herself from him and discourage him from reinitiating such discussions.

30. Once there however, Plaintiff found that the transcription software necessary to complete her job was not functioning on the computer.

31. Sterling, as though he knew this fact, immediately invited Plaintiff to come sit at the computer next to him and told her that the software was working on that computer.

32. Plaintiff was obviously concerned about Sterling's behavior but also wanted to complete her work for the evening.

33. Once Plaintiff resumed sitting next to Sterling, he jumped at the opportunity to get handsy with her. Indeed, shortly after Plaintiff settled in and logged on to the computer, Sterling

5

feigned that he was reaching for something across the desk and brushed the back of his hand, wrist and arm against her breasts.

34. Plaintiff immediately slid her chair back and could not believe what Sterling had just done. So shocked, Plaintiff became frozen in her body and finished her shift in a daze. At the end of her shift in the early morning, Plaintiff then walked as quickly as she could to her car, always looking over her shoulder, fearing that Sterling would follow her.

### *Defendant Was on Notice of Sterling's Unlawful Behavior and Retaliated Against Plaintiff*

35. On September 24, 2022, Plaintiff, still extremely distraught and angered by Sterling's conduct, messaged her supervisor, Turnbull, and told Turnbull she needed to discuss an issue involving Sterling. Plaintiff asked to speak with Turnbull on Monday morning.

36. On September 26, 2022, Plaintiff spoke to Turnbull and reported Sterling's disturbing behavior.

37. Turnbull, without initiating any investigation, immediately responded to Plaintiff's complaints with a mix of skepticism, denial, and defensive of Sterling.

38. Again, rather than open an investigation or at a minimum, question Sterling, within the same conversation that Plaintiff engaged in protected activity, Turnbull terminated Plaintiff's employment with Defendant.

39. As a direct consequence of Defendant's actions, Plaintiff has suffered, and continues to suffer from, severe depression, anxiety, and fears about the future.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
### **(Gender Discrimination and Harassment in Violation of Title VII)**

44. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. Defendant, through its agents Turnbull and Sterling, discriminated against Plaintiff on the basis of her gender, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her gender, and by subjecting Plaintiff to sexual harassment by form of pervasive comments sexual assault.

46. As also described above, Defendant, through its agent Turnbull, terminated Plaintiff's employment on the basis of her gender.

47. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

48. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff in entitled to an award of punitive damages.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
**(Sexual Harassment and Discrimination in Violation of the NYSHRL)**

50. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment based on an individual's sex and/or gender.

52. Defendant, through its agent Sterling, as described above, discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment in the form of highly inappropriate and improper sexual remarks and unwanted sexual propositions.

53. As a direct and proximate result of Defendant's conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
**(Retaliation in Violation of the NYSHRL)**

54. Plaintiff hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

55. The NYSHRL prohibits employers from retaliating against employees who engage in activity protected by the NYSHRL.

56. As set forth above, Defendant, through its agent Turnbull, retaliated against Plaintiff by terminating her because Plaintiff complained about Sterling's sexual harassment of her.

57. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered economic loss, and continues to suffer, for which she entitled to an award of monetary damages.

58. As a direct and proximate result of Defendant's conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety,

loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### (Sexual Harassment and Discrimination in Violation of the NYCHRL)

59. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment based on an individual's sex and/or gender.

61. Defendant, through its agent Sterling, as described above, discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment in the form of highly inappropriate and improper sexual remarks and unwanted sexual propositions.

62. As a direct and proximate result of Defendant's conduct in violation of the NYCHRL Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### (Retaliation in Violation of the NYCHRL)

63. Plaintiff hereby repeats, reiterates, and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

64. The NYCHRL prohibits employers from retaliating against employees who engage in activity protected by the NYCHRL.

65. As set forth above, Defendant, through its agent Turnbull, retaliated against Plaintiff by terminating, and Defendant's termination of Plaintiff was motivated by her complaint about Sterling's sexual harassment of her.

66. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered economic loss, and continues to suffer, for which she entitled to an award of monetary damages.

67. As a direct and proximate result of Defendant's conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

68. Pursuant to FRCP 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An award for all non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation,

depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

  d. Punitive damages to the extent authorized by law in an amount commensurate with Defendant's ability and so as to deter future unlawful conduct;

  e. Pay Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

  f. Pre-judgment and post-judgment interest, as provided by law; and

  g. Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   February 1, 2024

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
CAITLIN DUFFY, ESQ. (CD 8160)
JON L. NORINSBERG, ESQ. (JN 2133)
BENNITTA L. JOSEPH, ESQ. (BJ 1064)
110 East 59th Street, Suite 2300
New York, New York 10022
Tel.: (212) 227-5700
Fax: (212) 656-1889
*Attorneys for Plaintiff*

11